IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

KENYA M. SPENCER,                    *

    Plaintiff,                       *

vs.                                  *
                             CASE NO. 4:25-cv-89 (CDL)
PETE HESGETH, SECRETARY, UNITED *
STATES DEPARTMENT OF DEFENSE,
                            *

    Defendant.

                            *

O R D E R

Plaintiff Kenya Spencer, who is proceeding *pro se*, is an employee at Martin Army Community Hospital.  She alleges that her supervisors discriminated against her on the basis of race, color, sex, age, and disability by subjecting her to harassment, a hostile work environment, and other adverse employment actions.  Spencer also contends that she was retaliated against for engaging in protected activities.  Defendant moved to dismiss Spencer's complaint, arguing that the Court does not have subject matter jurisdiction and Spencer's complaint fails to state a claim upon which relief may be granted.  For the following reasons, the motion to dismiss is granted (ECF No. 7).

MOTION TO DISMISS STANDARD

"To survive a motion to dismiss" under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).    The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  In other words, the factual allegations must "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims.  *Id.* at 556.  But "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable.'"  *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 556).

Similarly, when evaluating a facial challenge to the Court's subject matter jurisdiction, the Court accepts the Plaintiff's factual allegations as true and determines whether they adequately establish a basis for the Court's jurisdiction.  *Carmichael v. Kellogg, Brown & Root Services, Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009).

                    FACTUAL BACKGROUND

Spencer makes the following factual allegations in her complaint, which the Court accepts as true for purposes of evaluating Defendant's Motion to Dismiss.[1]  Spencer is a black

---

[1] Spencer's response asserts factual allegations not contained in her complaint.  But a plaintiff may not cure pleading deficiencies by alleging new facts for the first time in a brief opposing a motion to

2

female over the age of forty who works at Martin Army Community Hospital. Compl. § III. D., ECF No. 1.[2] Spencer asserts that she suffers from multiple disabilities, including anxiety, depression, and asthma. *Id.*

Spencer alleges that from April 2020 to October 2020, four of her supervisors—Jessica Aguilar, Mallory Reeves, Nicholas Lawson, and Hannah Pye—sent her "bullying, harassing, and intimidating text messages" while Spencer was on sick leave. Spencer Aff. ¶¶ 1, 23, ECF No. 1-1. She further asserts that these four supervisors conspired to remove Spencer from her employment by constantly harassing her and criticizing her work. *Id.* ¶ 24. Spencer also alleges that between July 2020 and October 2020, Aguilar screamed at her, sent her harassing emails and text messages, assigned Spencer unrealistic duties, denied her sick leave for medical appointments, refused to approve overtime so she could complete her duties, and failed to provide training and telework opportunities that were provided to others. *Id.* ¶¶ 6, 9-11. Spencer further alleges that during 2020 Aguilar issued Spencer

---

dismiss. *See Gladney v. Consumers Credit Union*, No. 23-13959, 2024 WL 2797914, at *4 (11th Cir. May 31, 2024)(stating that the plaintiff "could not cure the deficiencies in his amended complaint by asserting additional facts in his response to [the defendant's] motion to dismiss."). Accordingly, the Court confines its analysis to the allegations in Spencer's complaint.

[2] Spencer's complaint includes both a single-spaced narrative and an accompanying affidavit that contains the same factual allegations as the narrative, but in numbered paragraphs. The Court primarily cites to Spencer's affidavit allegations.

multiple "counseling statements," bullied and harassed her for taking sick leave, gave her a poor performance appraisal, demanded an account of Spencer's "data" for her one day of telework, requested that Spencer change her leave from FMLA to Absence Without Leave ("AWOL") and placed Spencer on AWOL status when she did not provide Aguilar with a medical note, held Spencer "hostage" in her office and refused to give Spencer the "59 minutes" that others were given for potential inclement weather, "stalked" Spencer around the hospital, and lied about the duration of Spencer's leave from work in an effort to replace Spencer with Hannah Pye. *Id.* ¶¶ 2-3, 7-8, 12-17, 19. Spencer also alleges that Aguilar and Reeves made false statements concerning Spencer as part of a continued effort to humiliate and defame her, and that Aguilar was present when Spencer was "harassed" by Robert Carter, a nurse practitioner. *Id.* ¶¶ 4, 22.

Spencer was suspended from work in September of 2020 by supervisor Brian Keene, and Hannah Pye was hired shortly after to perform the same duties as Spencer. *Id.* ¶¶ 18, 20. Spencer alleges that Pye was treated more favorably than her and was encouraged to send harassing and intimidating emails to Spencer. *Id.* ¶ 20.

In December of 2020, Spencer filed a complaint with the Equal Employment Opportunity Commission, alleging that she was discriminated against on the basis of her race, color, sex, age,

and disability.  Compl. Ex. 2, EEOC Decision on Reconsideration 2, ECF No. 1-2.  An administrative judge found that Spencer failed to prove that she was subjected to discrimination, and this decision was upheld by the EEOC on appeal.  *Id.*  Spencer thereafter requested reconsideration of the EEOC's decision.  *Id.* at 3.  In December of 2024, the EEOC denied Spencer's request and notified Spencer of her right to file a civil action.  *Id.* at 4.  Spencer filed this action in March of 2025, asserting claims against Defendant for discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.;* discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621, *et seq.;* discrimination in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111, *et seq.;* and discrimination under the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601, *et seq.*  Compl. § II. Spencer also seeks punitive damages.  *Id.* § V.

## DISCUSSION

Defendant moved to dismiss all of Spencer's claims.  First, Defendant argues that the Court does not have subject matter jurisdiction over Spencer's ADA, FMLA, and punitive damages claims.  Second, Defendant contends that Spencer did not allege any facts to support a plausible claim of intentional discrimination on the basis of her race, color, sex, age,

disability, or protected activity. Spencer, who has now had an opportunity to respond to the motion, has not pointed to allegations in her complaint or cited legal authority that would warrant denying the motion to dismiss. Accordingly, the Court grants Defendant's motion in its entirety for the following reasons.

## I.   Spencer's ADA, FMLA, and Punitive Damages Claims

Defendant first argues that it is entitled to sovereign immunity on Spencer's ADA, FMLA, and punitive damages claims. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Dep't of Army v. Blue Fox, Inc.*, 525 U.S. 255, 260 (1999) (quoting *FDIC v. Meyer,* 510 U.S. 471, 475 (1994)). If sovereign immunity applies, the Court lacks "jurisdiction to entertain the suit." *Meyer*, 510 U.S. at 475 (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). Thus, because Spencer is suing the Secretary of Defense, "she bears the burden of establishing that the federal government has waived its sovereign immunity with respect to her claim[s]." *Thompson v. McHugh*, 388 F. App'x 870, 872 (11th Cir. 2010) (per curiam). Waiver of sovereign immunity "cannot be implied but must be unequivocally expressed." *United States v. King*, 395 U.S. 1, 4, (1969).

In her response brief, Spencer points to authority establishing that the United States waived sovereign immunity for

Title VII claims.  But that authority does not address Spencer's ADA and FMLA claims.  Title I of the ADA prohibits disability discrimination by a "covered entity."  42 U.S.C. § 12112(a).  A "covered entity" is "an employer, employment agency, labor organization, or joint labor-management committee."  42 U.S.C. § 12111(2).  The United States is expressly excluded from the term "employer."  42 U.S.C. § 12111(5)(B)(i).  Therefore, the United States did not waive its sovereign immunity in Title I of the ADA.

The United States also did not waive its sovereign immunity in Title II of the FMLA.  "Title I of the FMLA applies to private sector employees," while most employees of the federal government "are governed by Title II of the FMLA."  *Cavicchi v. Sec'y of Treas.*, No. 04-10451, 2004 WL 4917357, at *6 (11th Cir. Oct. 15, 2004) (per curiam) (quoting *Mann v. Haigh*, 120 F.3d 34, 36 (4th Cir. 1997)).  Spencer is a federal employee and thus cannot bring a FMLA claim under Title I.  And "Title II of the FMLA . . . does not provide a private cause of action to address FMLA violations." *Armstrong v. United States*, No. 21-10200, 2021 WL 6101492, at *1 (11th Cir. Dec. 21, 2021) (per curiam)(citing 5 U.S.C. §§ 6381–87).  Thus, Congress chose not to submit the United States to suit under Title I of the ADA or Title II of the FMLA, and Defendant is therefore entitled to sovereign immunity on Spencer's ADA and FMLA claims.

Further, to the extent that Spencer is asserting any claims for punitive damages, Congress has made clear that punitive damages are not recoverable for employment discrimination against a governmental agency.   42 U.S.C. § 1981a(b)(1).   Accordingly, Defendant is entitled to sovereign immunity on Spencer's punitive damages claim.

## II.  Spencer's Title VII and ADEA Claims

Defendant does not dispute that the Court has jurisdiction over Spencer's Title VII and ADEA claims.   Spencer alleges that she was subjected to disparate treatment on the basis of her race, color, and sex in violation of Title VII, and on the basis of her age in violation of the ADEA.  Title VII's federal-sector provision provides that "[a]ll personnel actions affecting employees . . . shall be made free from any discrimination based on race, color, sex, or national origin."  42 U.S.C. § 2000e-16(a).   The ADEA's federal sector provision contains materially identical language, providing that "[a]ll personnel actions affecting employees or applicants for employment who are at least 40 years of age . . . shall be made free from any discrimination based on age."  29 U.S.C. § 633a(a).  Defendant asserts that Spencer failed to allege facts plausibly supporting her claim that she was subjected to intentional discrimination in violation of either statute. Spencer responds by reciting the allegations in her complaint and arguing that they satisfy the federal pleading standard because

they give Defendant fair notice of her claims and the grounds upon which they rest.

At the motion to dismiss stage, a complaint raising a discrimination claim "need only 'provide enough factual matter (taken as true) to suggest intentional . . . discrimination.'" *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015) (quoting *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008)).  Since the provisions governing the legal framework applicable to federal employees' claims of discrimination under Title VII and the ADEA are "materially identical," courts "have construed them the same way."  *Rosado v. Sec'y, Dep't of the Navy*, 127 F.4th 858, 865 (11th Cir. 2025) (quoting *Babb v. Sec'y, Dep't of Veterans Affs.*, 992 F.3d 1193, 1198 (11th Cir. 2021)). Both provisions demand "'that personnel actions be untainted by any consideration' of the protected basis." *Id.* (quoting *Babb v. Wilkie*, 589 U.S. 399, 402 (2020)). Accordingly, the Title VII and ADEA provisions do "not require a showing of but-for causation to make out a violation.  Rather, a federal-sector employee must show only that a protected characteristic played *any* part in her employer's process in reaching an adverse employment discrimination." *Buckley v. Sec'y of Army*, 97 F.4th 784, 794 (11th Cir. 2024).  Thus, for Spencer's disparate treatment claims to survive a motion to dismiss, Spencer

needed to allege facts showing that a protected characteristic played some role in an adverse employment action.

Spencer's complaint does not allege facts to plausibly support any claim that her race, color, sex, age, or disability status played any part in any adverse employment action she allegedly suffered. Instead, the complaint alleges employment actions (which Spencer contends were materially adverse) without any factual allegations linking those actions to a protected characteristic. Accordingly, her complaint fails to state a claim for disparate treatment discrimination under Title VII or the ADEA.

Likewise, Spencer's complaint does not allege facts to state a retaliation claim. To state a claim for retaliation under Title VII or the ADEA, a plaintiff must allege facts plausibly supporting the conclusion that "retaliatory animus for engaging in Title VII or ADEA protected conduct tainted [her] employer's adverse employment action," which a plaintiff may do by alleging facts to show that (1) she engaged in statutorily protected activity under Title VII or the ADEA; (2) she suffered an adverse employment action; and (3) the adverse action was causally related to the protected expression. *Rosado*, 127 F.4th at 876. Here, Spencer's complaint does not allege facts supporting the contention that she engaged in any activity protected by Title VII or the ADEA. Nor does she allege any facts suggesting a causal connection between

10

any protected activity and a materially adverse employment action. Thus, Spencer failed to state a claim for retaliation.

Spencer's hostile work environment claim also fails. To state a hostile work environment claim under Title VII or the ADEA, a plaintiff must allege facts plausibly showing that (1) she is a member of a protected class; (2) she was subjected to unwelcome harassment; (3) the harassment was based on a protected characteristic; (4) the harassment was sufficiently severe or pervasive to alter the terms and conditions of her employment; and (5) the employer is responsible for such environment. *Melton v. I-10 Truck Ctr. Inc.*, 166 F.4th 905, 918 (11th Cir. 2026). Although Spencer alleges that she belongs to a protected group and was subjected to unwelcome harassment, she does not allege facts suggesting that the alleged harassment was based on any of Spencer's protected characteristics. Because Spencer does not allege that any of her protected characteristics played any part in the harassment she allegedly suffered, she has failed to state a hostile work environment claim.

## CONCLUSION

For the reasons set forth above, the Court grants Defendant's Motion to Dismiss (ECF No. 7) as to all of Spencer's claims.

IT IS SO ORDERED, this 6th day of July, 2026.

S/Clay D. Land
_____
CLAY D. LAND
U.S. DISTRICT COURT JUDGE

MIDDLE DISTRICT OF GEORGIA